**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

TREVOR CAMBURN,

      Plaintiff,

vs.                                                          Case No.: 2:26-cv-02344

GSGI LLC, a Florida Limited Liability
Company; and ANGEL PINO,
Individually,

      Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, TREVOR CAMBURN ("Plaintiff"), by and through his undersigned

counsel, files this Complaint and Demand for Jury Trial against Defendants, GSGI

LLC, a Florida Limited Liability Company ("GSGI"), and ANGEL PINO,

Individually ("PINO") (collectively "Defendants"), for unpaid overtime

compensation, under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b)

(the "FLSA"), and in support thereof states as follows:

**JURISDICTION & VENUE**

    1.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.

§1337 and the FLSA.

    2.    The venue of this Court over this controversy is proper based on the

location of the Defendant GSGI's headquarters being in Lee County, Florida.

3.     Venue is also proper because Plaintiff is a resident of Lee County and worked for Defendants in Lee County.

## **PARTIES**

4.     At all times material hereto, Plaintiff was, and continues to be, a resident of Lee County, Florida.

5.     At all times material hereto, Plaintiff was an employee of Defendants and worked for Defendants in Lee County, Florida, within the last three (3) years.

6.     At all times material hereto, GSGI was, and continues to be, a Florida Limited Liability Company, which offers law enforcement and community-based security personnel to provide customized security services engaged in business in Lee County, Florida.

7.     Based on the information and belief, at all times material hereto, Defendant PINO is a resident of Collier County, Florida.

8.     At all times material hereto, PINO owned and operated GSGI.

9.     At all times material hereto, PINO regularly held and exercised the authority to: (a) hire and fire employees of GSGI; (b) determine the work schedules for the employees of GSGI; and (c) control the finances and operations of GSGI.

10.     By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of GSGI; (b) determine the work schedules for the employees of GSGI; and (c) control the finances and operations of GSGI, PINO is an employer as defined by 29 U.S.C. 201 *et. seq.*

11. Further, at all times material hereto, PINO was a manager for GSGI, acting in GSGI'S interest.

12. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

13. At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

14. At all times material hereto, GSGI was, and continues to be, "an enterprise engaged in commerce," and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

15. Based upon information and belief, the annual gross revenue of GSGI was in excess of $500,000.00 per annum during the three years preceding the date this Complaint is filed.

16. At all times material hereto, Defendant GSGI had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in interstate commerce, such as uniforms, ammunition, weapons, vehicles, computers, and telephones.

17. At all times material hereto, the work performed by the Plaintiff was directly essential to Defendants' business.

## FACTUAL ALLEGATIONS

18. Plaintiff was hired in 2018 as a security guard/patrol officer for Defendants' security company, and was hired to provide security guard services to

Defendants' clients.

19.    Prior to 2021, Plaintiff was promoted to the position of supervisor.

20.    In 2021, Plaintiff was given the title of Operations Manager, and performed that role until 2023.

21.    In January 2023, Plaintiff was demoted back to the role of regular security guard/patrol officer.

22.    Plaintiff's regular weekly schedule from January 2023 forward was 48 hours per week.

23.    While he performed no managerial duties after January 2023, he still had access to Defendant's manager system until in or around May 2023, when his access was taken away.

24.     Plaintiff performed no duties other than those of a regular security guard from before August 2023 (the beginning of the statute of limitations in this case) until February 2026.

25.    In February 2026, Angel Pino asked Plaintiff if he wanted to be the Operations Manager again.

26.    Plaintiff declined, explaining that the role did not fit in with his schedule.

27.    Plaintiff further explained that if he was going to be performing the Operations Manager role, he would expect a raise.

28.    The Parties never discussed or agreed to any raise in exchange for re-assuming the Operations Manager position, and Plaintiff did not assume that

position.

29.     Mr. Pino asked Plaintiff if he would just help out a couple of days a week (Monday and Tuesday) with answering phones, and making sure sites are covered while he is on his regular shift on those days.

30.     Plaintiff agreed to perform those specific additional duties and has performed those duties since February 2026.

31.      Another employee was the Operations Manager until June 2026. That employee resigned, and a different employee, not Plaintiff, took over the Operations Manager role.

32.     Between at least August 2023 and the present, Plaintiff has neither had no exercised any authority to hire or fire Defendants' employees, nor has he had or exercised authority to discipline or evaluate Defendants' employees.

33.     Throughout his employment, Defendants have paid Plaintiff a salary for his work.

34.     Until February 2026, Defendants misclassified Plaintiff as an independent contractor.

35.     Beginning in February 2026, Defendants correctly classified Plaintiff as a W-2 employee.

36.     Throughout his employment, and continuing through the present, Defendants have not and do not pay Plaintiff overtime premiums for his overtime hours worked.

37.     Throughout his employment with Defendants, Plaintiff regularly

5

worked over forty hours in a workweek, but Defendants did not pay him time and one half of his regular rate for hours over forty.

38. Plaintiff should be, and should have been, paid time and one half of his regular rate for his hours over forty in a workweek.

39. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was intentional and willful. Defendants knew, or with reasonable diligence should have known, that their practice of failing to pay overtime to Plaintiff was unlawful, including because GSGI and its predecessor company, INCGSGI, have fielded multiple claims of failure to pay overtime and independent contractor misclassification in the past ten years.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION VERSUS GSGI AND ANGEL PINO, INDIVIDUALLY

40. Plaintiff incorporates all allegations contained within Paragraphs 1 through 38 above, as if fully set forth herein.

41. Plaintiff was and is entitled to be paid all wages due for all hours worked and, for each hour worked in excess of forty (40) in a workweek, overtime compensation as required by the FLSA.

42. During his employment with Defendants, Plaintiff regularly worked overtime hours (hours over forty in a workweek) for which he was not paid only his regular rate of pay, without overtime premiums.

43. Plaintiff should be compensated at one and one half times his regular

rate of pay for hours over forty worked in a workweek.

44. Defendants' acts and omissions were intentional, willful, and in reckless disregard of the FLSA.

45. Defendant Angel Pino is an individual employer under the FLSA, jointly and severally liable for all amounts owed under the FLSA.

46. Plaintiff is entitled to recover his reasonable attorneys' fees and costs in this action pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff demands judgment against GSGI and Angel Pino, individually, for the payment of all owed overtime premiums, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable against Defendants.

Dated this 12th day of August 2026.

Respectfully submitted,

 /s/ *Angeli Murthy*
Angeli Murthy, Esq., B.C.S.
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
8151 Peters Rd., Suite 4000
Plantation, FL 33324
Phone: (954) 327-5369
Fax:    (954)-327-3016
E-mail:  amurthy@forthepeople.com

*Trial Counsel for Plaintiff*